FILED
SUPERIOR COURT
OF GUAM

2022 JUL 14 AM 9: 56

CLERK OF COURT

# IN THE SUPERIOR COURT OF GUAM

|  |  |
|---|---|
| IN THE MATTER OF THE ESTATE OF DANIEL B. ROBERTO, <br><br> Deceased | ) ) ) ) ) ) ) ) ) ) ) |

PROBATE CASE NO.: PR0019-15

**DECISION AND ORDER DENYING ADMINISTRATOR'S AMENDED PETITION FOR FINAL DISTRIBUTION BUT CLARIFYING POWER OF SALE PROVISION IN DECEDENT'S WILL**

This matter is before the Honorable Maria T. Cenzon on Petitioner Gary Camacho's (the "Petitioner") Amended Petition for Final Distribution (the "Petition") filed on March 23, 2022. Petitioner is represented by Attorney Georgette Bello Concepcion of Brooks Concepcion Law, P.C.

Nearly seven years ago, this Court previously issued a Decree of Final Distribution (the "Decree") in this matter on October 19, 2015, in which the Court distributed the assets of the Estate, including pouring over the remainder of Estate Property into the Roberto 1993 Trust (the "Trust") and devising such property to the Trustee of the Trust. Decree of Final Distribution (Oct. 19, 2015). The Decree further discharged the Administrator from further duties as Administrator. Id. The discharge of the Administrator following the full administration of an Estate is mandated under 15 GCA § 3037(a), which provides: "When the estate has been fully administered, and it is shown by the personal representative, by the production of satisfactory vouchers, that the personal representative has paid all sums of money due from him, and delivered up, under the order of the Superior Court, all the property of the estate to the parties

entitled, and performed all the acts lawfully required of him, the Superior Court *must* make a decree discharging him from all liability to be incurred thereafter." Following such discharge, any subsequent administration of the estate to address after-discovered property or "if it becomes necessary or proper *for any cause* that letters should again be issued" must be made "in the same order and manner as is directed in relation to original letters of administration. . .." 15 GCA § 3039 (emphasis added).

The Petitioner, who is the discharged Administrator, now files an Amended Petition for Final Distribution – nearly seven (7) years after the Court issued the Final Decree. A clear reading of 15 GCA §3039 clearly mandates that the Probate case be "reopened" by filing a Petition for Letters of Administration in order to re-issue letters as originally sought pursuant to 15 GCA, Chapter 18. The Administrator submits that the "Amended Petition" is filed in order to "include the language "Power of Sale" as required by 21 GCA § 29168 in distributions made to the Roberto 1993 Trust, dated September 8, 1993." *Amended Pet.* at 1 (Mar. 23, 2022). However, once discharged, the Administrator has no authority to act on behalf of an Estate and must follow the mandates of Section 3039 and re-petition the Court for subsequent letters for any cause, including to "correct" a Decree which did not include the phrase "Power of Sale" in the transfer of the Estate Property to the Trust.[1] The obvious reason for requiring letters of administration to be reissued after an administrator has been discharged, is to protect against any modifications of the final Decree without proper notice being given as required under 15 GCA § 3401 to all persons with an interest in the Estate. See, 15 GCA § 3013 ("Such order or decree, when it becomes final, is conclusive as to the rights of heirs, devisees, and legatees."). Therefore, the

---

[1] Neither the Petition for Final Distribution nor the Decree, both of which were prepared by and filed by the Administrator, included the language "Power of Sale".

Petition is DENIED as it purports to modify a Decree entered by the Court in 2015 without first seeking Letters of Administration to do so.

It is noteworthy to discuss here, although not raised by Petitioner, that amending the Decree nearly seven (7) years after its issuance violates Rules 59(e) and Rule 60 of the Guam Rules of Civil Procedure. GRCP 59(e) provides that "a motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." In this case, Petitioner filed an Amended Petition for Final Distribution purportedly to correct a failure to include the language "Power of Sale" in language of distribution. The Amended Petition is procedurally defective as it seeks to amend a petition which was previously granted and reduced to a final judgment, or decree.[2] Even if the Petitioner followed the procedure, however, seven (7) years is well beyond the ten (10) day mandate of Rule 59(e).

Similarly, Rule 60(a) would provide relief from "clerical mistakes in judgments, orders or other parts of the record and *errors therein arising from oversight or omission* may be corrected by the court at any time of its own initiative or on the motion of any party, and after such notice, if any, as the court orders." GRCP 60 (emphasis added). However, any such motion must be made "within a reasonable time," and nearly seven (7) years after the Decree was entered on the docket is not "within a reasonable time" by any standard.[3]

Notwithstanding the procedural defects relating to the filing of the instant Amended Petition, which requires the Court to *deny* the Amended Petition in the first instance, the Court finds that the language sought to be included in the Decree is unnecessary in light of 21 GCA § 29175. Section 29175 provides that "[i]f a testator, by his will, has provided that the executor

---

[2] GRCP 54(a) defines a "judgment" to include "a decree and any order from which an appeal lies."

thereof shall have power of sale of real estate, the court shall direct the registrar to register the words with power of sale, in respect the land of the deceased, and such executor shall have power to sell such land without an order of the court so to do . . . ." 21 GCA § 29175. The last will and testament of Daniel B. Roberto reads as follows, in pertinent part:

> **SELL ASSETS**. The Executor shall have the *power to sell*, with or without notice, at either public or private sale, for cash or terms, any property of my estate as the executor, in the executor's reasonable discretion, considers necessary for the proper administration and distribution of my estate.

¶ 4.05, The Last Will and Testament of Daniel B. Roberto (emphasis added). As a consequence of such language, the Court finds that, by operation of law, the transfer of the subject property to the Trustee of the Roberto 1993 Trust also granted the Trustee the authority to sell the property which was poured over from the Estate into the Trust, subject, of course, to any provisions of the trust as set forth in the Trust Declaration, which is not in the record in this case.

The Administrator's stated purpose in filing the Amended Petition in order to amend the October 19, 2015, Decree so as "to include the language 'Power of Sale' as required by 21 GCA § 29168. . . ." would thus appear to have been made unnecessary by the language in the annexed Will of the Decedent specifically providing for the "power to sell" any assets of the Estate. See Paragraph 4.05. While this Court acting as a probate court has limited authority to determine the "right of heirship and distribution,"[4] the Court determines here that that the language of the Decedent's Will granting its executor "the power to sell" property would, under 21 GCA §29175, give equal power to the transferee of such property, the Trustee of the Rosario Trust.

---

[3] See *Cristobal v. Siegel*, 2014 Guam 16 (reversing and vacating Amended Final Judgment issued by trial court 17 years after original entry on the docket in violation of Rules 59(e) and 60 of the Rules of Civil Procedure).
[4] *Zhaned v. Limtiaco*, 2008 Guam 5 ¶ 17.

Consequently, even without the express words "with Power of Sale" in the Decree, the Trustee would have such authority, subject to the provisions of the Trust Declaration.

Accordingly, the Court hereby DENIES the Amended Petition for the reasons set forth herein, but clarifies and confirms the rights of heirship and distribution under the Decree to include the Power of Sale. Consequently, any instrument transferring such Estate Property shall reflect such statutory Power of Sale.

**SO ORDERED** on this ___July 14, 2022___ .

**HONORABLE MARIA T. CENZON**
JUDGE, SUPERIOR COURT OF GUAM